# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEBREGIORGIS ZERISENAY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. ED CV 22-433 ODW (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses this immigration-related matter as moot and for lack of jurisdiction.

\* \* \*

1.  Petitioner Gebregioris[1] is an inmate at the federal prison in Victorville. According to the BOP's inmate locater website, he has a projected release date from criminal custody in 2025.

---

[1] According to records from Petitioner's federal criminal case, his proper name is Zerisanay Gebregiorgis. However, when he filed this petition, he inverted the order of his names.

1    2.    This is Petitioner's second action in this federal court in which
2 he filed a "motion to dismiss immigration detainer."[2] See Zerisenay v.
3 United States, No. ED CV 20-1390 ODW (MRW) (C.D. Cal.) (the 2020
4 action). In both the 2020 action and the present casw, Petitioner alleged
5 that immigration officials placed a detainer on him in advance of his
6 anticipated release from custody. Petitioner disputes that he is subject to
7 deportation. (Petitioner (a Sudanese native) claims derivative U.S.
8 citizenship through his parents following their naturalization.)

9    3.    After the commencement of the 2020 action, the government
10 acknowledged that the immigration detainer had been placed in error. The
11 government cancelled the detainer. On that basis, the Court dismissed the
12 2020 action as moot; Petitioner received the relief (elimination of the
13 immigration detainer) that he sought in the action.

14    4.    The same thing appears to have occurred here, although in a
15 slightly different context. In his criminal case, Petitioner appealed his
16 narcotics trafficking conviction and sentence. The Ninth Circuit affirmed
17 the conviction, but remanded the matter for re-imposition of conditions of
18 supervised release. United States v. Gebregiorgis, No. 18-30126 (9th Cir.
19 Aug. 21, 2020).

20    5.    In April 2021, a district judge in the District of Alaska re-
21 sentenced Petitioner. The prosecutor acknowledged that the government
22 previously placed a detainer on Petitioner, but that it was removed. The
23 district judge stated that the immigration service "knows where to find him
24 if they feel like they want to put a detainer on him and initiate deportation
25 proceedings." (Docket # 9-1 at 10 (transcript of re-sentencing).) That same

---

[2] As in the 2020 action, the government correctly notes that Petitioner failed to commence this action with a recognizable habeas petition or civil complaint. Nevertheless, the Court is able to discern the basis for Petitioner's request for relief as a form of habeas corpus relief under 28 U.S.C. § 2241.

1 day, ICE "issued another immigration detainer" on Petitioner. (Docket # 5-1 at 2.)

6. After service of the petition in the current action, though, immigration authorities again acknowledged that the detainer was "mistakenly issued." ICE cancelled the second detainer in March 2022. (Id.)

7. At present, Petitioner is not subject to an immigration detainer. On that basis, the government moves to dismiss the current action as moot. (Docket # 5.)

8. However, Petitioner contends that the recent detainer "affect[ed] his placement in RDAP" [residential drug abuse program in BOP]. Petitioner also suspects that he will be "subject[ ] to further games by government agents" that may lead to a third imposition of an immigration detainer. (Docket # 7 at 2.) For this reason, he requests that the Court issue some type of ruling regarding the matter.

\* \* \*

9. If it "appears from the application that the applicant or person detained is not entitled" to relief, a court may summarily dismiss an action. Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

\* \* \*

10. As with the 2020 action, Petitioner's current claim for relief is moot. Petitioner commenced this action to request that his immigration detainer be cancelled. He obtained that relief voluntarily during the pendency of the action. As such, there is no dispute between the parties for the Court to rule on.

11. Further, as the Court informed Petitioner in the 2020 case, there is no lawful basis for this district court to rule on Petitioner's underlying immigration- and citizenship-related claims. Such claims are ordinarily reviewed in immigration proceedings, through administrative appeals within the executive branch, and on appeal to a federal court of appeals. 8 U.S.C. § 1252(b); Chau v. INS, 247 F.3d 1026, 1028 n.2 (9th Cir. 2001); Ortega-Morales v. Lynch, 168 F. Sipp. 1228 (D. Ariz. 2016) (discussing finality and exhaustion requirements under immigration statutes).

12. Petitioner cogently notes that he (like any other inmate) faces the possibility of further detainers being imposed on him. He claims that the government's conduct is "capable of repetition yet evading review," which justifies federal court relief. (Docket # 7 at 2.) However, that bare argument is an inadequate basis for asserting federal court jurisdiction. Because there is no current claim against the government, the action must be dismissed as moot.

Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: July 28, 2022

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE


Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE